UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JACQUELINE RUTH ROSARIA RIVERA,

    Plaintiff,

v.                                                            Case No. 8:19-cv-2861-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d)[1] (Doc. 21). By the motion, Plaintiff seeks attorneys' fees in the amount of $8,208.73, costs in the amount of $400 for the filing fee, and expenses in the amount of $18.30 for the fee for certified mail, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On April 23, 2020, this Court entered an Order granting the Commissioner's Unopposed Motion for Entry of Judgment with Remand (Doc. 18) and reversing and remanding the case to the Commissioner for further administrative proceedings (Doc. 19). Thereafter, the Clerk entered judgment in favor of Plaintiff (Doc. 20). As the prevailing party, Plaintiff now requests an award of attorney's fees, costs, and expenses. *See* 28 U.S.C. § 2412(d)(1)(A); *cf. Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who wins a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).

---

[1] Plaintiff incorrectly cites to 28 U.S.C. § 2312(d) in the title of her motion and the body of her motion.

Namely, Plaintiff requests an award of the costs and expenses set forth above and attorneys' fees for time expended by two attorneys on this matter. Plaintiff seeks an award for 39.8 hours expended by counsel at an hourly rate of $206.25. Based on the undersigned's own knowledge and experience, and for the reasons set forth in Plaintiff's motion, the undersigned concludes that both the hours expended and the hourly rates requested are fair and reasonable. Furthermore, as Plaintiff contends, the position of the United States was not substantially justified, and no special circumstances exist which would make an award of attorney's fees unjust in this instance. *See* 28 U.S.C. § 2412(d)(1)(A). Indeed, the Commissioner does not oppose the requested relief (Doc. 21, at 4). After issuance of an order awarding EAJA fees, however, the United States Department of the Treasury will determine whether Plaintiff owes a debt to the government. If Plaintiff has no discernable federal debt, the government will accept Plaintiff's assignment of EAJA fees (Doc. 21, Ex. A) and pay the fees directly to Plaintiff's counsel. For the reasons set out in Plaintiff's motion, therefore, it is hereby

ORDERED:

1. Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. § 2412(d) (Doc. 21) is GRANTED.

2. Plaintiff is awarded fees in the amount of $8,208.73.

3. The government is directed to pay the fees to Plaintiff's counsel in accordance with Plaintiff's assignment of fees (Doc. 21, Ex. A), unless the Department of Treasury determines that Plaintiff owes a federal debt.

4. Plaintiff is awarded costs in the amount of $400.

5. Plaintiff is awarded expenses in the amount of $18.30.

DONE AND ORDERED in Tampa, Florida, on this 14th day of July, 2020.

*[signature]*

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record